953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Douglas STORK, aka: Michael Stanly Garvey, aka:
Francis Paul Madison, aka: John Charles Montalvo,
aka: Jason Lee Taylor, aka: Michael
Ryan, Defendant-Appellant.
 No. 88-5445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1991.
Decided Jan. 21, 1992.
 
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN,* District Judge.
 MEMORANDUM**
 The mandate reversing defendant Stork's first conviction was issued on March 4, 1988. United States v. Rivera, 844 F.2d 916, 920-21 (2d Cir.1988). Thus, under the Speedy Trial Act (STA), 18 USC § 3161(e), the government had until May 13, 1988, to commence a retrial of Stork unless sufficient time within that period could be excluded from STA calculation under 18 USC § 3161(h).
 The district court excluded from its STA calculation the period from April 25, 1988, to June 3, 1988, as an "ends of justice" continuance under 18 USC § 3161(h)(8). The government concedes this period could not be excluded as an "ends of justice" continuance. However, it contends that the period should be excluded automatically under 18 USC § 3161(h)(1) as a "period of delay resulting from other proceedings concerning the defendant."
 Section 3161(h)(1) provides a nonexclusive list of "other proceedings." See id. § 3161(h)(1)(A)-(J). The government recognizes that the period from April 25 to June 3 does not come within any of these express exclusions, but it argues that this period should nonetheless be considered a "period of delay resulting from other proceedings" because the defendant and his counsel attempted to negotiate a plea bargain with the government, drafted a motion to dismiss under the STA and searched for new trial counsel for the defendant.
 We reject this argument. Not only does the delay during the April 25 to June 3 period not come within any of the listed exclusions in section 3161(h)(1), but it also does not share any common characteristics with those listed exclusions: the delay did not entail a "proceeding" in even an informal sense, nor did it involve events collateral to the retrial so as to be fairly described as an "other" proceeding. We realize that the defendant and his counsel may have intentionally delayed informing the court that counsel would not accept the court's appointment in order to let the STA clock run. However, it is the government's burden, not the defendant's, to monitor the STA deadlines and advise the court of their imminent expiration. Jordan, 915 F.2d at 566. In any event, the 2 1/2 weeks between the court's offer to appoint counsel and the expiration of the STA clock was not an excessive period for counsel to decide whether he would accept the appointment; any delay after the STA clock expired is, of course, irrelevant.
 Stork argues that, an STA violation having been established, we should dismiss the indictment with prejudice. However, while 18 USC § 3162(a)(2) requires that the defendant's conviction be reversed and that the indictment be dismissed, it does not require that the indictment be dismissed with prejudice; instead, it sets forth a "facts and circumstances" test to be applied in determining whether to dismiss with or without prejudice. We remand to the district court to conduct a hearing in accordance with United States v. Delgado-Miranda, No. 91-30094, slip op. 16005 (9th Cir. Dec. 13, 1991), and to apply section 3162's standard.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Michael R. Hogan, United States District Judge, District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3